IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE SMEDLEY, | ) |
|         Petitioner, | ) |
| vs. | ) Case No.: **3:12-cv-00003-DRH-PMF** |
| WENDY J ROAL, | ) |
|         Respondent. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is petitioner Lawrence Smedley's petition for a writ of habeas corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241. Smedley is presently incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), a correctional facility under the control of the U.S. Bureau of Prisons ("BOP"). Respondent Wendy J. Roal, USP Marion Warden, has filed a response (Doc. 12) to the petition. For the following reasons, it is recommended that the petition (Doc. 1) be denied and this habeas litigation be dismissed.

**A. Background**

The instant habeas petition involves a prison sentence computation. On January 3, 2012, Smedley filed the instant writ of habeas corpus (Doc. 1) requesting relief concerning the execution of his sentence pursuant to 28 U.S.C. § 2241. Smedley requests, generally, that the Court order a reduction to his federal sentence because it was improperly calculated. *See* Doc. 1. Specifically, Smedley claims that he should receive an additional 335 days of credit for time spent in jail before his federal sentence began even though he received credit for that time toward a prior state sentence. *See id.*

Smedley's relevant criminal background is somewhat complicated so the undersigned finds it appropriate to summarize the relevant history in bullet point fashion, as follows:

1) On January 18, 1995, Semdley was convicted if two counts of drug trafficking near a school (No. 94CR00028) and a single count of possession of drug paraphernalia (No. 95CR00001) in Trigg County, Kentucky. He was sentenced to two, consecutive, four-year terms in 94CR00028 for a total of 8 years. Also, he would serve the term for 94CR00028 concurrently with the two-year sentence he received in 95CR00001. *See* Doc. 12-2 at 19-22.

2) On February 7, 1995, Smedley was convicted and received a two-year sentence for promoting contraband – First Degree (No. 95CR00005) in Christian County, Kentucky. *See* Doc. 12-2 at 22.

3) On June 7, 1995, Smedley was convicted and received a one-year sentence for receiving stolen property (No. 94CR173) in Hopkins County, Kentucky. *See* Doc. 12-2 at 22-23.

4) On March 12, 1997, Smedley was paroled for his offenses in 94CR00028, 95CR00001, 95CR00005, and 94CR173. The parole would expire, at a maximum, on August 20, 2002. *See* Doc. 12-2 at 22.

5) On December 15, 2000, Smedley was arrested state officials on drug-related charges that formed the basis of his federal offense. *See* Doc. 12-2 at pp. 3 ¶ 6, 25.

6) On February 2, 2001, Smedley's parole was revoked by the Commonwealth of Kentucky, and he was returned to the Kentucky Department of Corrections as a parole violator. *See* Doc. 12-2 at pp. 3 ¶ 6, 25.

7) On February 8, 2001, Smedley was indicted on federal charges in the Western District of Kentucky.

8) On April 24, 2001, Smedley was temporarily released from state custody and transferred to federal custody pursuant to a federal writ. On May 11, 2001, he was returned to the custody of state officials. *See* Doc. 12-2 at 29.

9) On September 25, 2001, Smedley was temporarily released from state custody and transferred to federal custody pursuant to a federal writ. *See* Doc. 12-2 at 30.

10) On September 27, 2001, Smedley pled guilty to the federal charges. *See* Doc. 12-2 at 10.

2

11) On January 3, 2002, Smedley was convicted in the U.S. District Court for the Western District of Kentucky by U.S. District Judge Thomas B. Russell, (Case No. 5:01CR-8-01-R) as to the following four offenses committed on December 15, 2000:
   i. Count 1 - 21 U.S.C. § 846 Attempt to Manufacture and Possess with Intent to Distribute 50 Grams or More of a Mixture of Methamphetamine, a Schedule II Control Substance.
   ii. Count 2 – 21 U.S.C. § 841(a)(1) Unlawful Manufacture of 50 Grams or More of a Mixture of Methamphetamine, a Schedule II Control Substance.
   iii. Count 3 – 21 U.S.C. § 841(a)(1) Possession With Intent to Distribute 5 Grams or More of a Mixture of Methamphetamine, a Schedule II Control Substance.
   iv. Count 5 – 18 U.S.C. § 922(g)(1) Possession of a Firearm by a Convicted Felon.
   *See* Doc. 12-2 at 10.

12) Smedley was sentenced on January 3, 2002, to 188 months imprison and 4 years of supervision. It was noted that the term of imprisonment in Case No. 5:01CR-8-01-R "shall be served concurrently to the 8-year imprisonment term (parole revoked by state authorities on February 2, 2001) imposed by Trigg Circuit Court in Indictment No. 94Cr-00028 and in Indictment No. 95CR-0005 imposed by Christian Circuit Court." *See* Doc. 12-2 at 7, 11.

13) On January 23, 2002, Smedley was returned to the custody of Kentucky state officials for continued service of his state sentence. *See* Doc. 12-2 at 30.

14) On September 12, 2002, Smedley was paroled from state authorities to the custody of the U.S. Marshals Service for service of his federal sentence. *See* Doc. 12-2 at 30.

15) Smedley was committed to federal custody on October 23, 2002. *See* Doc. 12-2 at 7, 11. At that time, Smedley's sentence computation showed that he had 384 days of prior custody credit.

16) Smedley's sentence computation was updated on January 6, 2011, and certified on January 10, 2011 by Desig/Sentence Computation Center. The updated computation figured in jail credit from December 15, 2000, until February 2, 2001 (49 days). A remark on the updated computation sheet from January 6, 2011, noted, "Jail credit adjusted to end one day prior to beginning of state sentence SD-C." *See* Doc. 12-2 at 8.

> 17) Based on the updated calculations, Smedley presently has a home detention eligibility date of March 19, 2015, and a projected release date of September 19, 2015. *See* Doc. 12-2 at 7.

Smedley's main argument is that the BOP erred on January 6, 2011, when it recomputed his sentence to provide for 49 days prior custody credit (*see* PART A ¶ 16) rather than the 384 days that it originally granted him (*see* PART A ¶ 17). He brings the instant §2241 petition to correct the perceived error.

### B. Applicable Sentence Computation Law

The BOP may not award prior custody credit when that credit has been applied to another sentence. *See U.S. v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). The controlling federal statute providing the basis of the calculation of a term of imprisonment provides as follows:

> § 3585. Calculation of a term of imprisonment
> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Under the plain language Section 3585(a), the earliest date a prisoner's federal sentence can commence is the date of sentencing, unless the prisoner is awarded credit for prior custody pursuant to Section 3585(b). *See id*. The plain language of Section 3585(b) requires that a prisoner receive "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the

offense for which the sentence was imposed … *that has not been credited against another sentence*. *Id*. § 3585(b)(1) (emphasis added).

### C. Smedley's Sentence Calculation

In accord with the plain language of Section 3585, Smedley's federal sentence was properly recalculated by the BOP on January 6, 2011 (*see* PART A ¶ 16). Pursuant to Section 3585(a), Smedley's 188-month criminal sentence commenced on January 3, 2002, (the day it was imposed). *See* PART A ¶ 11. The BOP then applied 49 days prior custody credit under Section 3585(b) for a period beginning December 15, 2000, (the day of arrest that led to federal charges), and ending February 1, 2001 (the day Smedley's parole was revoked). *See* PART A ¶¶ 5-6, 16. Smedley cannot receive prior custody credit toward his federal sentence for the additional time period of February 2, 2001, through January 2, 2002, (335 days) because he was receiving credit toward his state sentences during that time. *See* 18 U.S.C. § 3585(b). *See Ross*, 219 F.3d at 594. *See also U.S. v. Wilson*, 503 U.S. 329, 337, 112 S. Ct. 1351, 1356, 117 L. Ed. 2d 593 (1992). Accordingly, the petition should be denied.

### D. Smedley's Remaining Argument

While Smedley acknowledges Section 3585(b) prohibits the BOP from awarding credit toward his federal sentence (*see* Doc. 1 at 8), he nonetheless urges the Court to effectuate what he believes to be the sentencing court's intent to apply the time he spent in jail from February 2, 2001, through January 2, 2002, as credit toward his federal sentence.[1] Smedley then proceeds to twist his argument into a pretzel by citing cases interpreting provisions of the U.S. Sentencing Guidelines. Smedley's arguments are ultimately misplaced, however, because "a habeas corpus

---

[1] Respondent Roal has provided the transcript of the sentencing hearing as an exhibit to the response. *See* Doc. 12-3. From reading the transcript, Roal concludes that there was no discussion about applying prior credit custody in the manner that Smedley claims.

5

petition is rarely if ever the proper vehicle by which to challenge the application of a Sentencing Guideline provision where the sentence has become final and the petitioner did not directly appeal the issue." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Scott v. United States*, 997 F.2d 340, 342 (7th Cir.1993)).[2]

In the end, the Court would lack the authority to recalculate his sentence in the manner requested even if it found Smedley's remaining argument to be persuasive. *See* PART C.

### RECOMMENDATION

The materials submitted demonstrate that Smedley is not being held in custody in violation of the Constitution or federal law. He is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. It is recommended that the petition (Doc. 1) be denied and this habeas litigation be dismissed.

**SO RECOMMENDED.**

**DATED: March 7, 2013.**

> *s/ Philip M. Frazier*
> PHILIP M. FRAZIER
> UNITED STATES MAGISTRATE JUDGE

---

[2] Notably, every case cited by Smedley in support of his argument was on direct appeal from a conviction in the District Court to the Seventh Circuit Court of Appeals.